RECEIVED
JUL 11 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **RODOLFO GONZALEZ** | **CIVIL ACTION NO. 06-0516** |
| **VS.** | **SECTION P** |
| **SID HEBERT, ET AL.** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. §1983 *in forma pauperis* by *pro se* plaintiff Rodolfo Gonzalez on March 27, 2006. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), incarcerated at the Iberia Parish Jail ("IPJ"), in New Iberia, Louisiana. Plaintiff complains of conditions of confinement at that institution. He names Iberia Parish Sheriff Sid Hebert and Warden Roberta Boudreaux as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and as failing to state claims upon which relief may be granted.

## STATEMENT OF THE CASE

On some unspecified date, plaintiff was sentenced to serve seven years in the custody of the LDOC. He was placed in the IPJ for the purpose of serving that sentence and has served almost six years of his sentence at that facility.

By this action, plaintiff complains that the IBJ lacks a substance abuse rehabilitation program, educational and vocational training programs, inmate counselors or social workers, and work opportunity programs to assist indigent inmates. Accordingly, plaintiff asks to be transferred to a state or federal prison, or in the alternative, an unspecified amount of money damages.

## LAW AND ANALYSIS

**Frivolity Review**

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998); See also 28 U.S.C.A. §1915A, 42 U.S.C.A. §1997e(c). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998). A claim has

no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).

When determining whether a complaint is frivolous or states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

Plaintiff has submitted an articulate hand-written *pro se* complaint in which he specifically details his theories of liability. The issues before this court are legal and no further factual amendment is necessary for resolution of these issues. Plaintiff has pleaded his best case. Accepting all of plaintiff's allegations as true, and, giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that plaintiff's claims are frivolous and that he has failed to state claims upon which relief may be granted.

**Section 1983 Liability**

In order to state a claim under §1983, the plaintiff must demonstrate that he has been deprived of a right secured by the Constitution and laws of the United States and

3

that the defendants deprived him of this right while acting under color of state law. *Parratt v. Taylor,* 451 U.S. 527 (1981); *West v. Atkins,* 487 U.S. 42, 48 (1988); *Atteberry v. Nocona General Hospital,* 430 F.3d 245, 252-253 (5th Cir. 2005); *Cornish v. Correctional Services Corp.,* 402 F.3d 545, 549 (5th Cir. 2005). Under applicable law, it is clear that plaintiff cannot demonstrate that he has been deprived of a right secured by the Constitution and laws of the United States. Inmates have no Constitutional right to substance abuse treatment, educational or vocational programs, social services, or prison employment. Moreover, inmates do not have a constitutional right to be incarcerated in any particular institution. Accordingly, the instant lawsuit should be dismissed as frivolous and for failing to state claims upon which relief may be granted.

**Due Process**

To the extent that plaintiff claims violations of his right to due process, those claims lack an arguable basis in law. In order to prevail on a claim for the denial of due process, a plaintiff must first establish that he has been deprived of a constitutionally protected liberty or property interest. *Sandin v. Conner,* 115 S.Ct. 2292, 2301 (1995); *Meachum v. Fano,* 96 S.Ct. 2532, 2538 (1976); *Board of Regents v. Roth,* 408 U.S. 564, 569-72, 92 S.Ct. 2701, 2705-07, 33 L.Ed.2d 548 (1972); *See also Bryan v. City of Madison,* 213 F.3d 267, 274 (5th Cir.2000), *cert. denied,* 531 U.S. 1145, 121 S.Ct. 1081, 148 L.Ed.2d 957 (2001).

However, inmates do not a have a protected property or liberty interest in prison employment. *Jackson v. Cain*, 864 F.2d 1235, 1247 and 1250 (5th Cir.1989) ; *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.1988); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995). Additionally, prisoners do not have a constitutional right to participate in drug treatment programs. *See Moody v. Doggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (Prisoner classification and eligibility for rehabilitation programs are not subject to "due process" protections). Moreover, the "state has no constitutional obligation to provide basic educational or vocational training to prisoners." *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir.1988); *Burnette v. Phelps*, 621 F.Supp. 1157, 1159 (M.D.La. 1985) ("there is no federal constitutional right to participate in a prison educational program" as jails are not educational institutions). Finally, prisoners have no constitutional right to "social services." *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991).

**Eighth Amendment**

To the extent that plaintiff contends that the failure of the IPJ to provide the types of services he desires amounts to cruel and unusual punishment in violation of the Eighth Amendment, his claim fares no better. The lack of rehabilitative programs does not by itself constitute cruel and unusual punishment, nor does the Eighth Amendment require the provision of every amenity needed to avoid mental, physical, or emotional deterioration. *See Alberti v. Klevenhagen*, 790 F.2d 1220, 1228 (5th Cir. 1986).

## Transfer

Plaintiff's request for a transfer is equally meritless. It is well settled that inmates do not have a constitutional right to be incarcerated in any particular institution. *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin*, 104 F.Supp.2d 643 (W.D.La. 2000); *Parker v. Cook*, 642 F.2d 865, 876 (5th Cir. 1981); *Hutto v. Finney*, 98 S.Ct. 2565, 2571 (1978); *Biliski v. Harborth*, 55 F3d 160, 162 (5th Cir. 1995); and *Jackson*, 864 F.2d at 1250. The ability to transfer prisoners is essential to prison management and subject to the discretion of the prison administration, an acute interest of the States which the federal courts should not supervise. *Meachum; Olim; Montanye; Hutto* and *Jackson, supra.*

In light of the above;

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on July 11, 2006.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

COPY SENT:
DATE: 7-11-06
BY: gfa
TO: RFD
     CMH